MARTIN HINZIE v. JOE WARD.

(No. 1129, Op. Book No. 3, p. 348.)

APPEAL from Anderson County. Opinion by WATTS, J.

1w765
§ 1314
2w272

1  765
§ 1314
29a 275

**§ 1314.** *Judgment in trial of right of property; amendment of, at same term rendered; voidable cannot be attacked collaterally.* Appellant Hinzie had an execution levied upon a bale of cotton as the property of one Stephens. Appellee Ward claimed the cotton, and gave bond for the trial of the right of property thereto. Upon trial before the justice, Ward failed to establish his claim to the cotton, and the justice rendered judgment against him for the costs. At a subsequent day of the same term the justice added to the judgment a judgment against Ward and the sureties upon his claim bond for the value of the cotton. Execution was issued upon this judgment as amended, and was levied upon sheep belonging to Ward, which were sold, etc. Ward brought this suit for damages for the sale of his sheep. Hinzie attempted to justify with his judgment and execution thereon. The court below held that the judgment last rendered by the justice against Ward and his sureties was void, and no justification for the sale of the sheep, and rendered judgment in favor of appellee against appellant for damages. *Held:* When the court determined that the claimant Ward had failed to establish his claim to the cotton, the statute prescribed the judgment which should follow as a sequence to that judgment. [R. S. 4843.] The announcement by the court of this determination was notice to the claimant and his sureties that the law required the justice to render judgment against them on the bond for the value of the cotton, with interest. It is well settled that the judgments and decrees of a court are under its control, and subject to its revision during the term at which the same were rendered. Even if the judgment rendered by the justice upon the claim bond was irregular, it was merely voida-

ble, and not void, and a judgment of a court of competent jurisdiction which is merely irregular and voidable, and not void, cannot be attacked in a collateral proceeding. The court erred in holding the justice's judgment to be void and no justification for the sale of the sheep by virtue of it.

December 14, 1881. Reversed and remanded.